## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 8:05CR422** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **MEMORANDUM AND ORDER** |
| | ) | |
| **DENNIS E. SMITH, and** | ) | |
| **ROSE MEROLLA,** | ) | |
| | ) | |
| **Defendants.** | ) | |

This matter is before the Court on the Report and Recommendation (Filing No. 38) issued by Magistrate Judge Thomas D. Thalken recommending that the motion to dismiss Count IV (Filing No. 18) filed by the Defendant, Rose Merolla, be granted and the motions to suppress filed by Merolla (Filing No. 19) and the Defendant, Dennis E. Smith (Filing No. 15) be denied. Smith filed a statement of objections to the Report and Recommendation and a supporting brief (Filing Nos. 40, 41) as allowed by 28 U.S.C. § 636(b)(1)(C) and NECrimR 57.3(a). Merolla also filed objections and a supporting brief (Filing Nos. 44, 45).

The Indictment charges the following: Smith with possession with intent to distribute marijuana (Count I); Smith with using and carrying a firearm during and in relation to the drug trafficking crime charged in Count I (Count II); Merolla with being a felon in possession of a firearm (Count III); and Merolla and Smith with criminal forfeiture (Count IV).

Following an evidentiary hearing, Judge Thalken issued a Report and Recommendation in which he concluded that Merolla's motion to dismiss should be granted, because she cannot be charged with criminal forfeiture without also being charged with a predicate drug trafficking offense. With respect to the motions to suppress, Judge

Thalken concluded: Merolla's motion is withdrawn with respect to the search of the storage locker, as she conceded that she lacked standing to contest the search of that location; the warrantless entry into the residence at 4618 Center Street was justified by exigent circumstances; the protective sweep was justified; officers did not exceed the scope of the protective sweep; probable cause existed for issuance of the search warrant for the residence; Smith's statements were not the product of custodial interrogation, were not in response to interrogation by officers, and were not coerced; and Merolla's statements were voluntary. On the basis of these determinations, Judge Thalken concluded that both Defendants' motions to suppress should be denied.

## STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1)(C) and NECrimR 57.3(a), the Court shall make a de novo determination of those portions of the report, findings, and recommendations to which the Defendant has objected. The Court may accept, reject, or modify, in whole or in part, the Magistrate Judge's findings or recommendations. The Court may also receive further evidence or remand the matter to the Magistrate Judge with instructions.

## FACTUAL BACKGROUND

The Magistrate Judge provided a detailed account of the events surrounding the events relevant to the traffic stop, search, and arrest. The Court has considered the transcript of the hearing conducted by the Magistrate Judge (Filing No. 37). The Court also carefully viewed the evidence (Filing No. 34). Based on the Court's de novo review of the evidence and arguments, the Court adopts Judge Thalken's factual findings in their entirety.

2

Briefly, on October 14, 2005, officers connected Smith to: a brick of marijuana that had been observed in a residence; a residence at 4618 Center Street in Omaha; and the storage facility at 6959 L Street in Omaha. A canine alerted to storage unit 208 at the L Street facility, and once a search warrant for the unit was obtained and executed officers found items including a stolen firearm, other firearms, and a scale. Officers found a strong marijuana odor in the unit. They also learned that Smith drove a Cadillac Escalade SUV. Officers set up surveillance at the residence, located the Escalade SUV in the driveway, and traced the vehicle's registration to Smith. An exterior camera was on the front of the home, a barking dog was inside, and a bit bull was outside in a kennel.[1]

Approaching the home, Officer Hunter smelled a strong odor of marijuana similar to that noticed in the storage locker. Gene Smith[2] answered, and when the door opened the marijuana smell grew stronger. Dennis Smith came out with a barking, lunging pit bull, and the same odor was again noted coming from the home and from Dennis Smith's person. Smith admitted to smoking marijuana. Gene Smith was seen placing a pit bull in a bathroom. Rose Merolla was seen in the kitchen sweeping her hand quickly across a counter into a bowl container and placing the container inside a cabinet drawer.

Over Dennis Smith's objection, officers kicked the door in, entered the home and performed a protective sweep. Dennis Smith and Merolla were arrested. Smith volunteered numerous statements. After the Humane Society came to remove the pit bull from the bathroom, a sweep was done in the bathroom during which Officer Branch was

---

[1]Previously, during a drive-by surveillance Smith had been seen with a pit bull in the yard.

[2]Gene Smith is Dennis Smith's brother.

overwhelmed by the odor of marijuana.  Two large trash bags were in the shower stall.

Merolla, after waiving her *Miranda* rights, admitted that a gun was under her bed.  A

records check revealed that Merolla had a prior felony.

Officers left and prepared a search warrant application, and a search warrant was

signed.  The residence was searched in the early morning hours of October 15, 2005.

During the search, while Officer Hunter was weighing out marijuana found in the trash bags

in the bathroom, Dennis Smith made incriminating statements.  On the way to police

headquarters, Dennis Smith continued to make statements.

## ANALYSIS

### *Smith*

Smith objects to the following conclusions in Judge Thalken's Report and

Recommendation: sufficient exigent circumstances existed to justify the warrantless entry;

the protective sweep was justified; information from the sweep was validly included in the

search warrant application; probable cause existed on the face of the affidavit for issuance

of the search warrant for the residence; even absent evidence found during the protective

sweep, the affidavit contained sufficient probable cause for issuance of the search warrant;

and Smith's pre-Miranda statements were volunteered and not the product of police

questioning.  The objection relating to exigent circumstances is discussed below.  Because

the other issues raised in the statement of objections were not briefed by defense counsel,

they are deemed waived.  NECrimR 57.3(a).

Officers may conduct a warrantless entry where exigent circumstances exist,

"including where police 'have a reasonable suspicion that knocking and announcing their

4

presence, under the particular circumstances, would be dangerous or futile, or that it would inhibit the effective investigation of the crime by, for example, allowing the destruction of evidence.'" *United States v. Nguyen,* 250 F.3d 643, 645 (8th Cir. 2001) (*citing Richards v. Wisconsin,* 520 U.S. 385, 394 (1997) *and United States v. Weeks,* 160 F.3d 1210, 1213 (8th Cir.1998)).  Under the circumstances described, including the possible presence of firearms, a barking and lunging pit bull controlled by Dennis Smith, and the possibility of concealing or destruction of evidence by Merolla, exigent circumstances existed and the warrantless entry was justified.

Smith's objections rely heavily on the argument that law enforcement officers themselves created the exigent circumstances.  Viewing the events as an objectively reasonable police officer at the early stage of the investigation at Smith's residence after having found the incriminating evidence at the storage locker tied to Smith, it was entirely reasonable for the officers to conclude that they could be in danger due to firearms or one or more pit bulls, and that the concealment, if not the destruction, of evidence had occurred or was occurring.  Certainly, the wiser course would have been to obtain a warrant prior to entering the home.  However, officers' failure to do so does not nullify a conclusion that exigent circumstances existed.  Officers conducting an ongoing investigation are not required to obtain a search warrant at the earliest possible moment that probable cause exists.  Rather, they are entitled to continue their investigation and obtain additional evidence as well as additional probable cause.  *United States v. Palumbo,* 735 F.2d 1095, 1097 (8th Cir. 1984).

In deciding whether officers manufactured the exigent circumstances, the Court must examine "the reasonableness and propriety of the investigative tactics that generated

5

the urgent situation." *United States v. Johnson,* 12 F.3d 760, 764 (8th Cir. 1993).  The inherent dangers of officer safety due to the possible presence of firearms and the clear immediate presence of at least one dangerous dog, as well as the possible concealment if not destruction of evidence was neither created nor increased by the officers.  *Cf. id.* at 764-65 (finding that postal inspectors' substitution of a book for a brick of cocaine and placement of a beeper inside of a package originally containing two bricks of cocaine increased the likelihood that the evidence would be destroyed, and therefore the inspectors created the exigent circumstance).

Finally, Smith argues that because of the alleged Fourth Amendment violation all evidence, including Smith's statements, obtained after the allegedly illegal entry into the residence must be suppressed as fruit of the "poisonous tree."  Because the Court concludes that the entry did not violate Smith's Fourth Amendment rights, this argument is rejected.

For the reasons discussed, Smith's objections are overruled.

### *Merolla*

Merolla objects to the following conclusions in Judge Thalken's Report and Recommendation: sufficient exigent circumstances existed to justify the warrantless entry; probable cause existed for issuance of the search warrant for the residence; and Merolla's statements were voluntary.  The objections relating to exigent circumstances are discussed below.  Because only the exigent circumstances issue was briefed by defense counsel, the other issues are deemed waived.  NECrimR 57.3(a).

For the reasons already discussed above with respect to Smith's objections, the Court concludes that the search was justified by exigent circumstances.  Merolla's

6

objections are overruled.

## CONCLUSION

For the reasons discussed, the Report and Recommendation will be upheld in its entirety.

IT IS ORDERED:

1.     The Magistrate Judge's Report and Recommendation (Filing No. 38) is adopted in its entirety;

2.     Smith's objections to the Report and Recommendation (Filing No. 40) are overruled;

3.     Defendant Smith's motion to suppress (Filing No. 15) is denied;

4.     Merolla's objections to the Report and Recommendation (Filing No. 44) are overruled;

5.     Defendant Merolla's motion to dismiss Count IV of the Indictment (Filing No. 18) is granted;

6.     Defendant Merolla's motion to suppress (Filing No. 19) is denied.

DATED this 12th day of April, 2006.

BY THE COURT:

Laurie Smith Camp
United States District Judge