# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 8:05CR422** |
| Plaintiff, | ) | |
| vs. | ) | **TENTATIVE FINDINGS** |
| **DENNIS SMITH,** | ) | |
| Defendant. | ) | |

The Court has received the Presentence Investigation Report ("PSR") and the Defendant's objections thereto (Filing No. 102). *See* Order on Sentencing Schedule, ¶ 6. The Court advises the parties that these Tentative Findings are issued with the understanding that, pursuant to *United States v. Booker,* 543 U.S. 220 (2005), the sentencing guidelines are advisory.

The Defendant objects to ¶¶ 36 (dangerous weapon enhancement) and 52 (criminal history). The objections were apparently not submitted pursuant to ¶ 4 of the Order on Sentencing Schedule (Filing No. 92). The objections are briefly discussed below.

### ¶ 36 - Dangerous Weapon Enhancement

The Defendant argues that he should not receive the 2-level enhancement pursuant to U.S.S.G. § 2D1.1(b)(1), since he was acquitted of the gun charge. The objection will be heard at sentencing, and the government bears the burden of proof by a preponderance of the evidence.

*¶ 52 - Criminal History*

The Defendant argues that 2 criminal history points should not be assessed for the offense described in ¶ 52 because the Defendant was age 15 when the crime was committed.

U.S.S.G. § 4A1.2(d)(2)(A) provides that, in a case committed prior to age 18, 2 points shall be added pursuant to U.S.S.G. § 4A1.1(b) for an adult or juvenile sentence of confinement of at least 60 days if the Defendant was released from confinement within 5 years of committing the instant offense.

In this case, the Defendant's custodial term for the conviction described in ¶ 52 began on April 4, 2001. On August 13, 2001, he was paroled. He was again taken into custody on October 5, 2001, and his case was terminated on January 18, 2002. The instant offense occurred on or about October 14, 2005. Therefore, the prior conviction in ¶ 52 falls within § 4A1.2(d)(2)(A). The objection is denied.

IT IS ORDERED:

1.  The Defendant's Objection to ¶ 52 of the Presentence Investigation Report (Filing No. 102) is denied;

2.  The Defendant's Objection to ¶ 36 of the Presentence Investigation Report (Filing No. 102) will be heard at sentencing;

3.  Otherwise the Court's tentative findings are that the Presentence Investigation Report is correct in all respects;

4.  If **any** party wishes to challenge these tentative findings, the party shall immediately file in the court file and serve upon opposing counsel and the Court a motion

challenging these tentative findings, supported by (a) such evidentiary materials as are required (giving due regard to the requirements of the local rules of practice respecting the submission of evidentiary materials), (b) a brief as to the law, and (c) if an evidentiary hearing is requested, a statement describing why an evidentiary hearing is necessary and an estimated length of time for the hearing;

5. Absent submission of the information required by paragraph 3 of this Order, my tentative findings may become final; and

6. Unless otherwise ordered, any motion challenging these tentative findings shall be resolved at sentencing.

DATED this 13th day of November, 2006.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge