IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,    )<br>                              )<br>           Plaintiff,          )<br>                              )           8:05CR422<br>     vs.                      )<br>                              )           ORDER<br>DENNIS E. SMITH,              )<br>                              )<br>           Defendant.         )| |

  Defendant Dennis E. Smith (Smith) appeared before the court on April 11, 2012, on the Petition for Warrant or Summons for Offender Under Supervision (Petition) (Filing No. 154). Smith was represented by James Martin Davis and the United States was represented by Assistant U.S. Attorney Thomas J. Kangior. Through his counsel, Smith requested a probable cause hearing on the Petition pursuant to Fed. R. Crim. P. 32.1(a)(1). The government requested detention pending the dispositional hearing. Smith requested a detention hearing. A combined preliminary and detention hearing was scheduled for May 14, 2012, at Smith's request. The combined hearing was continued to May 24, 2012, at Smith's request (Filing Nos. 164 and 165). In the meantime, Smith filed a Motion to Modify Conditions of Pretrial Release (Filing No. 167) seeking release to a third party custodian.

  On May 24, 2012, Smith again appeared before the court on May 24, 2012, with his counsel, Mr. Davis. The United States was represented by Assistant U.S. Attorney Kangior. Smith waived a probable cause hearing on the Petition pursuant to Fed.R.Crim.P. 32.1(a)(1). The court finds there is probable cause to believe Smith has violated the conditions of his supervised release as alleged, and Smith should be held to answer for a final dispositional hearing before Chief Judge Laurie Smith Camp.

  A detention hearing was held. The court heard the testimony of Rose Medulla, Smith's girlfriend (Ms. Medulla), James E. Walker, a friend of Smith and Smith's proposed third-party custodian (Mr. Walker), Smith himself, and Special Agent Frank Feden (Agent Feden) of the Drug Enforcement Administration (DEA). The court also received into evidence a copy of a menu from Dough Boyz Pizza & Phillies of Council Bluffs, Iowa (Dough Boyz Pizza)(Exhibit 101); a list of sales (Exhibit 102); and a list of customers (Exhibit 103).

  Ms. Medulla testified she considers herself to be the common-law wife of Smith, and Smith has been living with her and their two children, ages 8 and 2, in Council Bluffs, Iowa. Ms. Medulla testified Smith owns and operates Dough Boyz Pizza, a eat-in and take out pizza and sandwich restaurant with five or six employees. Ms. Medulla is attempting to run the business of Dough Boyz Pizza since Smith was arrested but is having great difficulty. Ms. Medulla has past convictions for drug possession and a firearms violation. Mr. Walker testified he has known Smith for several years through some of Smith's friends, one of which is Mr. Walker's son. Mr. Walker was unaware of the allegations of Smith's drug trafficking and is willing to act as a third party custodian for Smith. Smith testified he is needed to run Dough Boyz Pizza as he spent most of the day managing and operating the business, and Ms. Medulla doesn't have the knowledge and skill to continue in his place. Smith stated he would abide by conditions of release so he could continue to operate Dough

Boyz Pizza and he was not a danger to the community or a flight risk. Smith, on the basis of his Fifth Amendment rights, declined to answer various questions regarding trafficking drugs through Dough Boyz Pizza as being a danger to the community. The government did not seek to strike Smith's entire testimony as a result of Smith's invocation of the Fifth Amendment privilege.

Agent Feden testified he worked with a task force investigating Smith and Dough Boyz Pizza for trafficking in marihuana. Agent Feden testified a court authorized "bug" was placed in Smith's office at Dough Boyz Pizza revealing Smith's trafficking in marihuana at Dough Boyz Pizza and elsewhere. Numerous telephone conversations were also intercepted pursuant to court authorization and recorded. Several cooperating individuals provided information of Smith's drug trafficking activities during the period of the allegations in the Indictment in the Southern District of Iowa from 2009 through 2012. At least 1400 pounds of marihuana were involved in the conspiracy alleged in the Indictment. The Indictment also alleges a criminal forfeiture of the Dough Boyz Pizza property and other real estate, various vehicles, and several cashier checks.

While Smith asserts he is no danger to the community as there would be sufficient monitoring devices of his activity awaiting the dispositional hearing, the court finds otherwise. In this case, Smith was already on supervised release for drug trafficking. The activity alleged in the Indictment in the Southern District of Iowa occurred while Smith was on supervised release. The Dough Boyz Pizza restaurant was used a means to facilitate his drug trafficking. Smith's assertion he will comply with conditions of release pending his dispositional hearing is belied by his conduct while on supervised release. Smith has failed to carry his burden under 18 U.S.C. § 3143 to show by clear and convincing evidence he is not a danger to the community.

**IT IS ORDERED**:

1. A final dispositional hearing will be held before Chief Judge Laurie Smith Camp in Courtroom No. 2, Third Floor, Roman L. Hruska U.S. Courthouse, 111 South 18th Plaza, Omaha, Nebraska, **at 9:00 a.m. on August 30, 2012.** Defendant must be present in person.

2. Defendant Daniel E. Smith is committed to the custody of the Attorney General or his designated representative for confinement in a correctional facility;

3. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel; and

4. Upon order of a United States court or upon request of an attorney for the government, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

5. Smith's motion to modify conditions of pretrial release (Filing No. 167) is denied

DATED this 25th day of May, 2012.

BY THE COURT:

s/Thomas D. Thalken
United States Magistrate Judge